GULOTTA, Judge.
This is an appeal from a dismissal of a claim for damages for injuries received as a result of an automobile accident.
On July 14, 1965 at approximately 9:05 a. m., the plaintiff, New Orleans Police Officer, Oscar Blancher,[1] was a passenger in a police vehicle driven by his partner, Officer Robert T. Weysham, Jr. Their unit was dispatched to investigate an accident at an Interstate 10 construction site on the inbound traffic lane in the 6400 block of Chef Menteur Highway. The right lane of traffic was obstructed by the damaged vehicles. In order not to further impede or block traffic on the highway, Weysham drove his vehicle onto the shoulder, whereupon the front of the police car struck a stump, partially hidden by grass. As a result, Officer Blancher was injured.
Plaintiff contends the accident and injury was caused by the neglect of an unnamed employee of Boh Brothers Construction Company. They particularize he was negligent in signaling and directing the driver of the police vehicle to drive for *854 ward on the shoulder of the highway to the point of the accident along a path obstructed by the stump with full knowledge of its presence in the vehicle’s path. Plaintiff argues Boh is vicariously liable for the negligence of this employee who was acting in the scope of his employment.
Boh, on the other hand, argues there is no showing that the person directing the police vehicle was their employee. Furthermore, they insist only T. L. James Company employees, a subcontractor of Boh, were involved on this job and that no Boh employees were employed at this site. In answer, plaintiff insists that Boh is the prime contractor and while T. L. James[2] is a subcontractor, Boh is liable for the tortious acts of the subcontractor or his employees (though an independent contractor) when the prime contractor exercises the control and supervision of the construction.
The first question presented is the negligence of the person directing the police vehicle. In this respect, the evidence supports plaintiff’s contention that the police unit was directed onto a path by someone wearing a “yellow hard hat” identified with the words “Boh Brothers” written on it. Both Weysham, the driver of the police unit and the plaintiff further testified that this unknown person was aware of the presence of the stump in the vehicle’s path. According to Blancher, this individual told him immediately after the accident occurred “the same thing happened this morning to one of our trucks”. He added further that it was necessary to have a crane remove the truck from the stump.
While it is clear that plaintiff carried the burden of showing the negligence of this unnamed person, nevertheless, he failed to show an employer-employee relationship between the tort-feasor and Boh. Before an employer can be made vicariously liable for the negligent acts of its employee, it must first be established by a preponderance of the evidence that such a relationship existed. The evidence showing that a person is wearing a hat on which is written the employer’s name is not sufficient evidence (standing alone) of employment. It rqay, in some instances, be a contributing fact and corroborative evidence showing employment, but it is insufficient in itself. It is incumbent upon plaintiff to show more than this isolated fact.
However, plaintiff insists that the identity of the employee was knowledge within the keeping of the defendant. They contend it is, therefore, their responsibility to produce this witness. Having failed to do so, they argue, a presumption is created that this witness would testify contrary to defendant’s interest. They call to our attention in support of their argument, the case of Martin v. Lehmann, 147 So.2d 243 (La.App. 4th Cir. 1962).
We have no quarrel with the legal pronouncements advanced; however, in the instant case, this presumption is not applicable. There is evidence that this particular work (clearing and grubbing) [3] was undertaken by T. L. James Company and their employees and not by employees of Boh Brothers. This argument would be more relevant were T. L. James Company a defendant[4] and it was shown that they *855 made no effort to ascertain this person’s identity. This is not the situation in the instant case.
Accordingly, we hold plaintiff failed by a preponderance of evidence to establish an employer-employee relationship. Therefore, Boh Brothers cannot be held vicariously liable in this case.
Plaintiff’s attempt to assess liability against Boh based on the contractual relationship between Boh and T. L. James, presupposes that the unnamed employee was employed by T. L. James Company. There is no evidence in the record upon which to base a conclusion that this person was so employed. Accordingly, we find no merit to this argument. There is, therefore, no necessity of considering the question of whether Boh exercised control or supervision of T. L. James’ employees in the construction project.
The judgment is affirmed.
Affirmed.

. The record is not correctly styled. The correct spelling is “Blancher”.

. T. L. James was never joined as a party-defendant nor was ever third partied. This is discussed in a later footnote to this opinion.

. While it is not clear from the record, clearing and grubbing refers to removal of stumps, trees, etc.

. While the suit was initially directed against Boh Brothers and its insurer, plaintiff filed a rule to show cause why he should not be allowed to file a supplemental and amended petition joining T. L. James and its insurer as parties defendant. The record failed to show that any judgment was rendered in the trial court on that rule. We can only conclude that permission was not granted by the court to file the supplemental and amended petition after issue was joined. See LSA-C.C.P. art. 1151. Furthermore, the judgment dismisses the action against *855 Boh and its insurer. No mention is made of T. L. James and its insurer in the judgment. This indicates that T. L. James and its insurer were never made defendants in the suit.